## No. 709

### First Circuit

## TOLLE v. MENTZ

(February 12, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Builders and Buildings—Par. 30; Evidence—Par. 53.**

The burden of proof is upon the contractor to prove that matters not explicitly provided for by the contract, but which may be comprehended by it, is extra work not included in the contract.

2. **Louisiana Digest—Builders and Buildings—Par. 14, 18.**

Changes which the contractor made in the construction of a house not contemplated by the contract must be paid for by the contractor.

Appeal from the District Court, Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Albert Tolle against Henry A. Mentz.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

J. J. Jackson, of Hammond, attorney for defendant, appellee.

ELLIOTT, J.  Suit by contractor to recover for extra work and material used in erecting a dwelling house and sidewalks.

The plaintiff, Albert Tolle, agreed by written contract and according to written specifications with Henry A. Mentz to build for the latter a dwelling house, furnish material and labor, for a certain price; but during the work, some changes were agreed upon and extra work undertaken. This suit is to recover on account of extra work and material not provided for in the original contract and specifications.

The plaintiff alleges that defendant is due him $1023.89 on account of extra work and materials. That a bill of $218.82, which plaintiff had furnished defendant on said account was due to an error of fact on part of plaintiff. That there is really due him $1023.69 on account of extra work, which amount he claims by suit.

After filing an exception of vagueness, which was overruled, defendant, answering, denies being indebted to the plaintiff. He admits that extra work was done and material furnished pursuant thereto, but that everything had been paid for and that he owed the plaintiff nothing.

Judgment was rendered in plaintiff's favor for $218.82 and the balance of plaintiff's demand was rejected. The plaintiff appealed.

The item which plaintiff claims under the head, "bill rendered", $218.82, is not disputed. Defesdant, as a witness, admits that this amount remains unpaid; he says that he held it back because plaintiff has not finished the cement sidewalk according to their agreement, and as it should have been done.

The evidence on the subject of this sidewalk shows that the workmen, in constructing it, dropped cement on it in places, making low bumps, etc.  This should not have been done, and the plaintiff should clean it off and deliver the sidewalk to the defendant in the condition in which it was intended at the time the work was undertaken.

We are going to assume that plaintiff will do that and not interfere with the judgment allowing him $218.82, because of such a small matter.  As for the items, $91.25 for sanding and scraping pine floor, $50.00 for tile base in bathroom, $115.00 for full length screens in outside openings, they appear to be expressly provided for in the contract between the parties and in the specifications of the work to be done and are not extra, but work required by the contract.  Not only the above, as to the items mentioned, but the record contains a receipt in favor of the defendant, signed by the plaintiff, for $1906.56, dated September 25, 1925, in which it is stated that defendant has finally paid for all material, labor and construction work, and there is no recordation as to anything.  This receipt is not said to contain anything, not true, and that it is not as general as it purports to be.  Defendant says that it is correct and that he has paid everything due the plaintiff except $218.82 held back as above stated.  We can not hold against this receipt and the evidence of the defendant that the other items claimed by plaintiff, $300.00 on account of painting plastered walls, $35.00 for brick and tile border on main entrance porch, $49.00 for tile border on sun parlor, $89.00 for tile hearths and tile base at fireplaces, are not paid for. It looks from the specifications that they may well be comprehended in the matters therein provided for; but suppose them not to be; the burden of proof is on the

plaintiff and he has not carried it. His evidence on the subject of these extra charges and extra sums due him is not as clarifying as it might be. The defendant is positive that he does not owe them. There is an item of $75.00 claimed on account of difference between cost of cypress and pine lumber for frames and sashes. The specifications call for pine and defendant says he did not authorize any change in that respect. It appears that plaintiff made the change of his own accord; therefore, he should bear the difference. The judgment allows the plaintiff $218.82, and this amount is established; but the other part of his demand was properly rejected. Judgment affirmed, plaintiff to pay the cost in both courts.